**CONSUMER LITIGATION LAW CENTER, APC**
September J. Katje, Esq., (SBN 227896)
sk@consumerlitigationlawcenter.com
Kimberly A. Moses, Esq., (SBN 187619)
km@consumerlitigationlawcenter.com
100 North Citrus Street, Suite 408
West Covina, California 91791
T: (800) 787-5616.  F: (888) 909-7947

Attorney for Plaintiff, NANCY C. CALDWELL

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY C. CALDWELL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., successor in interest to WACHOVIA MORTGAGE, FSB, successor in interest to WORLD SAVINGS BANK; REGIONAL TRUSTEE SERVICES CORPORATION, a Washington Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive, <br><br> Defendants. | CASE NO: 5: 13-CV-01344-LHK <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT WELLS FARGO BANK, N.A.'s MOTION FOR AN AWARD OF ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** <br><br> **Hearing Date:** <br> **Date:** February 13, 2014 <br> **Time:** 1:30 p.m. <br> **Judge:** Hon. Lucy H. Koh <br> **Ctrm:** 8, 4th Floor |

CASE NO. 5: 13-CV-01344-LHK
OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES

CONSUMER LITIGATION LAW CENTER, APC

1   Plaintiff, NANCY C. CALDWELL, an individual, herein submit their

2   opposition to Defendant WELLS FARGO BANK, N.A., successor by merger to

3   WELLS FARGO BANK SOUTHWEST, N.A., f/k/a WACHOVIA MORTGAGE,

4   FSB f/k/a WORLD SAVINGS BANK, FSB'S ("WELLS FARGO") motion for

5   attorneys' fees.  Plaintiff opposes Defendant's motion on the grounds that the fee

6   provisions contained within the promissory note and deed of trust are discretionary

7   and Defendant is not the prevailing party as Plaintiff voluntarily dismissed her

8   pending matter without prejudice.

9   The opposition shall be based on this opposition, the attached memorandum

10  of points and authorities, on the complete files and records of this action and on

11  such other oral and/or documentary evidence as may be presented at the hearing on

12  the motion.

13

14  Dated:  August 14, 2013          CONSUMER LITIGATION LAW CENTER, APC

15

16                          BY:  _/s/ September J. Katje _____

17                               September Katje
                                 Kimberly A. Moses
18                               Attorney for Plaintiff,
                                 NANCY C. CALDWELL
19

20

21

22

23

24

25

26

27

28

CASE NO. 5: 13-CV-01344-LHK
OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 5

I.      INTRODUCTION ............................................................................................... 5

II.     SUMMARY OF RELEVANT FACTS .............................................................. 5

III.    APPLICABLE LAW .......................................................................................... 8

        A. IN THIS ACTION DEFENDANT IS NOT ENTITLED TO ATTORNEYS FEES OR

        COSTS BECAUSE IT IS NOT AND CANNOT BE  THE PREVAILIING  PARTY ...... 8

        1. DEFENDANT IS NOT THE PREVAILING PARTY BECAUSE PLAINTIFF'S

        DISMISSAL WAS WITHOUT PREJUDICE ................................................. 10

        2. DEFENDANT CANNOT NOW BE ADJUDGED THE PREVAILING PARTY ....... 12

IV.     DEFENDANT IS NOT ENTITLED TO ATTORNEY'S FEES FROM DEFENDING

THE PRIOR CENTRAL DISTRICT ACTION ................................................. 13

        A. RULE 41(D) DOES NOT APPLY TO THE FACTS OF THIS CASE ..................... 14

        B. APPLYING RULE 41(d) IN THIS CASE IS NOT IN LINE WITH THE

        UNDERLYING PURPOSE BECAUSE PLAINTIFF'S FILINGS WERE NOT

        MALICIOUS OR VEXATIOUS ................................................. 15

        C. DEFENDANT HAS UNCLEAN HANDS ................................................. 19

V.      FEES IN BOTH CASES ARE UNREASONABLE ................................................. 20

        A. ATTORNEYS FEES ARE NOT RECOVERABLE IN THIS CASE ........................ 21

                i.      Defendant Admits It Is Not the Prevailing Party ............................................. 21

                ii.     Defendant Is Not the Prevailing Party Because A Dismissal Without

                Prejudice Is Not In Favor of Any Party ................................................. 21

        B. FEES ARE NOT RECOVERABLE FROM THE CENTRAL DISTRICT ACTION .. 22

C.NOT ONLY ARE THE FEES UNRECOVERABLE, THEY ARE ALSO

UNREASONABLE ................................................................................. 23

VI.    CONCLUSION................................................................................. 25

CONSUMER LITIGATION LAW CENTER. APC

**CASE NO. 5: 13-CV-01344-LHK**
**OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES**

1

**Cases**

2    *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963) ..................................... 15

3    *Blum v. Stenson*, 465 U.S. 886, 898-901 ........................................................................ 22

4    *Bonne v. Redwood Mortg. Corp.*, 2010 U.S. Dist............................................................ 13

5    *Borelli v. City of Reading* (3d Cir. 1976) 532 F.2d 950, 951-52 ..................................... 15

6    *Cano v. Glover*,143 Cal. App. 4th 326, 331 (2006)................................................ 12, 13

7    *Catello v. I.T.T. General Controls*, 152 Cal. App. 3d 1009, 1012, n.4 (1984) ............................ 13

8    *Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761, 157 P.2d 868.) ........................ 14

9    *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990) ............... 22

10   *Deutsche Bank National Trust Company v. Mary McGurk*, (2012) 206 Cal.App.4th 201.......... 14

11   *Esquivel v. Arau*, 913 F. Supp. 1382 – Dist. Court, (C.D. Cal 1996) .............................. 16, 17, 18

12   *Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir.

13      2001) .................................................................................................................. 10

14   *First Nat. Ins. Co. of America v. MBA Const.*, No. 02:04CV836GEBJFM, 2005 WL 3406336

15      (E.D. Cal. Dec. 12, 2005).................................................................................... 10

16   *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983)...................... 17

17   *Hagan Engineering v. Mills*, (2003) 115 Cal.App.4th 1004, 1007.......................................... 14

18   *Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................................... 22

19   *In re Casa de Valley View Owner's Assn.* (1985) 167 Cal.App.3d 1182, 1192.) ........................ 14

20   *International Industries, Inc. v. Olen* (1978) 21 Cal. 3d 218, 221............................................ 7

21   *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) ...................................... 17

22   *Khavarian Enterprises, Inc. v. Commline, Inc.*, 216 Cal. App. 4th 310 (2013) .......................... 13

23   *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ................................ 10

24   *LaFarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42

25      (9th Cir. 1986).................................................................................................. 22

26   *Lockton v. O'Rourke*, 184 Cal. App. 4th 1051 (2010) ....................................................... 23

27   *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir.1993) ................................................... 15

28   *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000)......................................................... 22

**CASE NO. 5: 13-CV-01344-LHK**
**OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES**

CONSUMER LITIGATION LAW CENTER, APC

CONSUMER LITIGATION LAW CENTER, APC

*Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998) ........................................................ 12

*Simeone v. First Bank National Association*, 971 F.2d 103, 108 (8th Cir. 1992) ........................ 17

*Sunstone Behavioral Health, Inc. v. Alameda County Medical Center*, 646 F. Supp. 2d 1206 ... 22

*United Transportation Union v. Maine Central Railroad Corp.*, 107 F.R.D. 391, 392 .............. 17

*Wagner v. Benson*, 101 Cal. App. 3d 27 (1980) ........................................................ 13

*Wahl v. City of Wichita*, 701 F. Supp. 1530, 1533........................................................ 17

*Wilson v. City of San Jose, et al.*, 111 F.3d 688, 692 (9th Cir. 1977)........................................ 14

*Wilson*, 111 F.3d at 692 ................................................................................................ 15

**Statutes**

Business and Professions Code section 17200 ............................................................ 18

*Cal. Civ. Code*. section 1717(b)(2) ............................................................................ 24

California *Civil Code* section 1717 ............................................................................ 10

California Civil Code section 2923.5............................................................................ 18

California Civil Code section 2923.6............................................................................ 18

*Civ. Code* §1032(b) ................................................................................................ 11

*Civ. Code* §1717(b)(2) ............................................................................................ 11

*Civ. Code* §1717 .................................................................................................... 11

*Code Civ. Proc.* Section 1032(a)(4).......................................................................... 12

Code Civ. Proc. Section 1032(b)(4)............................................................................ 24

*Code of Civil Procedure* section 1032 ...................................................................... 11

*Code of Civil Procedure* sections 1717 .................................................................... 10

**Rules**

F.R.C.P. Rule 41(d)............................................................................................ 10, 15, 17

**CASE NO. 5: 13-CV-01344-LHK**
**OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendant WELLS FARGO is itself trying to forum shop by running to the Northern District in an attempt to obtain an Order for Attorney's Fees, after its attempt in the Central District to obtain a Judgment in its favor failed and the Honorable John A. Kronstadt ordered it was not the prevailing party in that matter and not entitled to Judgment.  Plaintiff is opposing this motion on the basis that she already obtained a ruling and Order of the court in the Central District that WELLS FARGO was not the prevailing party in that action and there is no merit to WELLS FARGO's argument that it was the prevailing party in the Northern District action entitling it to any Attorney's Fees or costs whatsoever.

**II.    SUMMARY OF RELEVANT FACTS**

As a threshold matter and to reiterate the pertinent facts to the court, Defendant cannot prevail on this motion because Defendant is not the prevailing party.  Plaintiff voluntarily dismissed the case in the Northern District without prejudice.  Defendants have not received an order from this Court or any other court adjudging them the prevailing party, and Defendant has already been denied prevailing party status in the Central District. Please see RJN Exhibit "A" WELLS FARGO's Proposed Order to be declared Prevailing Party and Plaintiff's Opposition to Proposed Order lodged as RJN Exhibit "B". The Central District case docket number 59 denies the Proposed Order lodged as RJN Exhibit "C". Further, not a single case cited by Defendants stands for the proposition that voluntary dismissal of an entire action without prejudice renders the other party the prevailing party absent some formal adjudication. In fact, that is why Defendants are trying to circumvent the Central Districts denial of prevailing party status even though the vast majority of the litigation, and alleged costs and fees, occurred in that forum. However, the "purpose of litigation is to resolve participants' disputes, not compensate participating attorneys." *International Industries, Inc. v. Olen* (1978) 21 Cal. 3d 218, 221.

The Honorable John A. Kronstadt already made it clear that Defendant WELLS FARGO was not the prevailing party in the Central District case. Defendant bases its entitlement to fees and costs in the Central District action on alleged judicial abuse by Plaintiff. However, for Defendant WELLS FARGO to now use this forum to try and effectively be considered the

prevailing party in the Central District is precisely the type of judicial misuse it is complaining of. This Court should exercise its discretionary equitable powers and not reward Defendant's tactics.

Defendant WELLS FARGO's premises its argument for attorneys' fees in defending the prior Central District on a misleading telling of how and why Plaintiff ended up filing two actions surrounding the same misconduct. *See generally* Defendant's Motion for Attorney's Fees Page 1, 2, 3, 11, 12. It is true that Plaintiff filed an action in this Court while there was still a similar action pending in the Central District. Defendant WELLS FARGO fails to provide the necessary and relevant information that the only reason Plaintiff filed the Northern Action was because in the Central Action, Defendant alleged that Plaintiff had no standing to enforce the Class Action Settlement Agreement (herein the "Settlement," cited and referred to as "Assurance Agreement" in all Defendant moving papers) and had to pursue such claims in the Northern District. Please see Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint lodged herewith as RJN Exhibit "D", at Page 11, Lines 1-3) . Defendants alleged that the Settlement did not provide Plaintiff with a private right of action because, according to the Assurance Agreement, she "was not a party to the settlement and has no rights to enforce the settlement." *Id* at Page 10, Lines 22-23. However, although the Assurance Agreement may not have explicitly conferred Plaintiff a private right of action, the Order Granting Final Approval of the Settlement clearly states just the opposite, and explains and eliminates any confusion:

> "*Certain objectors contend that the loan modification program does not confer a benefit upon the class because California and other states have entered into Assurances with Defendants which provide for the identical relief...(however) the state attorney general settlements do not give individual borrowers a private right of enforcement.* **The instant settlement is binding and enforceable, and class members may assert their individual rights under the settlement agreement**." Please see the Order Granting Final Approval of Class Action Settlement, Etc. lodged herewith as RJN Exhibit "E".

Further the Settlement, by its own terms, expressly states that "(t)his Court will retain continuing jurisdiction to interpret and enforce the settlement agreement." (RJN Ex. C, Page 4,

CONSUMER LITIGATION LAW CENTER, APC

Lines 4-5). Accordingly, once Plaintiff received Defendants Motion to Dismiss, that called into question whether Plaintiff had the right to sue for violation of the Settlement, she immediately reviewed the merits of WELLS FARGO's arguments, did AS WAS INSTRUCTED BY WELLS FARGO IN IT MOTION TO DISMISS and filed her action in this Court the next day.[1] The only reason Plaintiff filed any action in this Court was to properly utilize this Court's "continuing jurisdiction" in the hopes that this Court would "interpret" whether Plaintiff had standing to sue Defendant for violating the Settlement, and to have this Court "enforce" the Settlement Agreement accordingly.

The only reason Plaintiff did not immediately dismiss the Central District action was because she were waiting for this Court to accept jurisdiction. Both Plaintiff and Defendants genuinely believed that this Court had not yet accepted jurisdiction over the matter, which is why Plaintiff courteously agreed to stipulate to extend Defendant's response date until this Court ruled on what both parties believed was the threshold jurisdictional issue. Plaintiff was not engaging in any nefarious or disingenuous judicial misuse, but rather was simply trying to clarify what the Settlement Agreement did or did not mean for her case.

In fact, at the only hearing in the Central District case that occurred after Plaintiff filed her action in this Court, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Plaintiff discussed with Judge Kronstadt the pending Northern District action. At no point in the Central District case did Defendant utilize the defense that Plaintiff was not entitled to a loan modification review under the Class Action Settlement Agreement.  The first time Plaintiff realized that Plaintiff may be entitled to a loan modification under the terms of the Settlement was when Plaintiff received Defendants Opposition to her request for a Temporary Restraining Order in early July, 2013, confirmed by this Court as accurate on July 16, 2013 in the July 16 Order. *See* Order Denying Plaintiff's Ex Parte Application for Restraining Order Page 12, Lines 11-21. Consistent with the explanation above, Plaintiff immediately dismissed this action the next day on July 17, 2013, and has not initiated any other proceedings.

---

[1]  In addition, she also voluntarily dismissed all Causes of Action relating to origination in the pending Central District Action for which she could not proceed on the basis of *res judicata,* due to the claims already being resolved as part of the Class Action Settlement.

CASE NO. 5: 13-CV-01344-LHK
OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES

For all the above-mentioned reasons, as further explained in detail below, Defendants are not entitled to attorney's fees in this action because they are not the prevailing party in this action, were not the prevailing party in the Central District action, and even if FRCP 41(d) applies in this case, this Court should not exercise its equitable discretion because Plaintiff did not engage in the type of malicious activity that warrants such extraordinary relief and the net effect of such a ruling will work to undermine the ruling of the Honorable Judge Kronstadt in the Central District ruling.

## III.  APPLICABLE LAW

A federal court applies the law of the forum state regarding an award of attorneys' fees. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  Although California law "ordinarily does not allow for the recovery of attorneys' fees," California *Civil Code* section 1717 provides for an award of attorneys' fees where the parties contractually obligate themselves to compensate each other.  *Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001).

Defendants correctly point out that in order to recover attorneys' fees, a party must show that (1) the contract authorizes the recovery of attorneys' fees, (2) **the party is the prevailing party**, and (3) the fees incurred are reasonable.  *First Nat. Ins. Co. of America v. MBA Const.*, No. 02:04CV836GEBJFM, 2005 WL 3406336 (E.D. Cal. Dec. 12, 2005).

### A.  IN THIS ACTION DEFENDANT IS NOT ENTITLED TO ATTORNEYS FEES OR COSTS BECAUSE IT IS NOT AND CANNOT BE  THE PREVAILIING PARTY

Defendant relies on *Code of Civil Procedure* sections 1717 and 1023(b) for the contention that it is entitled to attorney's fees based on the fees clauses in the Promissory Note and Deed of Trust. *See generally* Defendant's Motion for Attorney's Fees. Section 1717 governs the enforceability of attorney's fees clauses in contracts and section 1023(b) is the catch all for attorney's fees in all other scenarios. Some courts have held that section 1717 precludes tort recovery when the sole basis for attorney's fees is a contractual attorney fee provision, while some hold it is simply a constructing statute that reciprocates one-sided.

Regardless, Defendant dedicates over five pages of its Motion for Attorney's Fees explaining how the two statutes, combined with the attorney's fees clauses absolutely entitles it to every penny of attorney's fees, whether sounding in tort or contract. *Id*. On the other hand, Defendant oddly dedicates only two brief paragraphs to prove that it is the prevailing party by effectively stating in circular and conclusory fashion that: "we are the prevailing party because we are the prevailing party." *See* Defendants Motion for Attorneys' Fees Page 9, Lines 1-9. This is not just odd, but rather telling of the fundamental lack of legal and factual support to Defendant's Motion because both *Civil Code* sections expressly hinge, at their absolute core, on Defendant being the "prevailing party." To wit: Section 1717: *"(b)(1)The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment...(2) Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section*." (emphasis added).

A) **Section 1032(b)**: "*Except as otherwise expressly provided by statute, a **prevailing party** is entitled as a matter of right to recover costs in any action or proceeding.*"

With such clear language, clearly Defendant cannot be relying on *Civil Code* section 1717 for the basis of their motion, at least as to recovery of fees for defending the contract claims, as it clearly states "[w]here an action has been voluntarily dismissed…there shall be no prevailing party for purposes of this section." *Civ. Code* §1717(b)(2). As Plaintiff voluntarily dismissed the Northern District action on July 17, 2013, there shall be no prevailing party, and WELLS FARGO cannot be the prevailing party or receive recovery pursuant to *Civ. Code* §1717. The Motion is unclear, but it seems from WELLS FARGO's own case law that it is conceding that it is only entitled, if at all, to attorney's fees for defending the tort claims. Thus, it must be relying, in part or in whole, on the catch-all *Civ. Code* §1032(b).

In determining who is a prevailing party for purposes of *Civ. Code* §1032(b), the *Sansitas* court, cited and relied on heavily by Defendants in their Motion, explained that "(f)or the purposes of determining entitlement to recover costs, *Code of Civil Procedure* section 1032

9

CONSUMER LITIGATION LAW CENTER, APC

CONSUMER LITIGATION LAW CENTER, APC

defines 'prevailing party' as…'a defendant in whose favor a dismissal is entered.'" *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998) (citing *Code Civ. Proc.* Section 1032(a)(4)). Further, "(b)ecause plaintiffs voluntarily dismissed this action **with prejudice**, the…defendants are defendants in whose favor a dismissal has been entered (and)…they are prevailing parties…and are entitled as a matter of right to recover costs." *Santisas*, at 608 (emphasis added). Thus, the issue is not whether the claims sound in tort or contract, but rather, if Defendant is a prevailing party when Plaintiff voluntarily dismissed her case *without* prejudice.

1. **DEFENDANT IS NOT THE PREVAILING PARTY BECAUSE PLAINTIFF'S DISMISSAL WAS WITHOUT PREJUDICE**

As noted above, the real issue begins at whether Defendant is considered to be the prevailing party for purposes of section 1032, when a Plaintiff voluntary dismisses her case. Not only does Defendant only spend two paragraphs "explaining" why it believes it is the prevailing party, but not once does Defendant touch on the subtle yet clearly pivotal question of whether its reasoning holds true when the voluntary dismissal is *without* prejudice. The *Sansitas* ruling seems to be clearly stating that a voluntary dismissal is only "in favor of the defendant" when it includes the finality of "with prejudice." *Id*. This makes perfect sense as a voluntary dismissal "without prejudice" does not favor either party.

Not surprisingly, Defendants "oversight" rings consistently true through every single case cite throughout Defendant's Motion. Namely, that each case finding that a voluntary dismissal creates a prevailing party, is either with prejudice, or there is some other final adjudication on the merits. Not one case cited by Defendant involves facts similar to the case at issue where the case was dismissed solely by a voluntary dismissal without prejudice. Defendant was unable to cite appropriate supporting authority because no case law exists that supports granting prevailing party status when there has been a voluntary dismissal without prejudice like WELLS FARGO is requesting the court do in this action.

Defendant WELLS FARGO goes so far as to say that a voluntary dismissal renders the defendant a prevailing party the same as if the dismissal had been involuntary, citing *Cano v. Glover*,143 Cal. App. 4th 326, 331 (2006). However, WELLS FARGO fails to mention that

*Cano* is actually a case that functions inversely, but consistently with the facts in this case and gives merit to Plaintiff's argument, because *in Cano* the Plaintiff was seeking, on motion, to change a dismissal with prejudice to a dismissal without prejudice in order to avoid the attorney's fees and costs granted at the trial level based on the dismissal with prejudice. See generally *Id*. This clearly shows the importance of the dismissal to collection of attorney's fees, and supports Plaintiffs position entirely.

       In fact, the only time Defendant really indicates that there may be a difference if the case is dismissed with or without prejudice, it misleadingly cites a case that stands solely for the premise that an intervening Plaintiff, who interjects himself into a cause of action, voluntarily dismisses before a final adjudication is entered against the remaining plaintiffs, stands in the same position as the non-dismissing remaining plaintiffs and "[d]efendant is entitled to costs regardless of whether the dismissal is with or without prejudice" because the defendants were prevailing parties pursuant to a final judgment as against all plaintiffs." Misleadingly cited by Defendants as *Cano*, 143 Cal. App. 4th at 331; when really a direct quote from *Catello v. I.T.T. General Controls*, 152 Cal. App. 3d 1009, 1012, n.4 (1984) All of Defendants' cited cases are equally misleading and inconsistent with the facts in this case. See e.g.; *Wagner v. Benson*, 101 Cal. App. 3d 27 (1980)(Case on appeal after full trial and adjudication on the merits. Primarily stands for premise that attorney's fee clauses can include costs for defending tort claims); *Khavarian Enterprises, Inc. v. Commline, Inc.*, 216 Cal. App. 4th 310 (2013)(Case based on settlement agreement that already determined that one party was prevailing party); *Bonne v. Redwood Mortg. Corp.*, 2010 U.S. Dist. LEXIS 102776 (Not only was the tort claim for invasion of privacy dismissed with prejudice, but dismissal was based on plaintiff's failure to timely amend and the judge's sua sponte dismissal as a final judgment on the merits); *Sanitas*, 17 Cal. 4th.

       The "with" or "without" prejudice distinction, and the knowledge thereof on Defendant's part, is bolstered by Defendant's own conduct in the Central District when, instead of relying on these same arguments, it sought to circumvent this fatal flaw, and sought directly to have the Judge change the Order to find it as the prevailing party.  Finding itself unsuccessful in round

CONSUMER LITIGATION LAW CENTER, APC

one in the Central District, Defendant has to rely on misleading citations and legal arguments that entirely skirt the core substantive issues. Accordingly, Defendant is absolutely not the prevailing party under any of the Civil Code sections or case law, and its Motion for Attorney's Fees should be denied.

## 2. <u>DEFENDANT CANNOT NOW BE ADJUDGED THE PREVAILING PARTY</u>

As explained in far greater detail above, Plaintiff, voluntarily filed a dismissal without prejudice of the herein action on July 17, 2013. Defendant is not entitled to attorney's fees because it is not the prevailing party, and, consistent with Judge Kronstadt's ruling in the Central District case, Defendant cannot arbitrarily assume that title, nor can any judgment lie in favor of either party, when the voluntary dismissal is without prejudice.

A dismissal without prejudice is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose, et al.*, 111 F.3d 688, 692 (9th Cir. 1977). The effect is to "leave[ ] the parties as though no action had been brought." *Id*.

Further, when there is a voluntary dismissal of an entire action, the action is no longer pending and the court's jurisdiction over the parties and the subject matter terminates. *In re Casa de Valley View Owner's Assn*. (1985) 167 Cal.App.3d 1182, 1192.) Absent a pending lawsuit, a court cannot issue any judgments or orders. *Hagan Engineering v. Mills*, (2003) 115 Cal.App.4th 1004, 1007.  In fact, "[a] plaintiff's voluntary dismissal of his action has the effect of an absolute withdrawal of his claim and leaves the defendant as though he had never been a party." *Deutsche Bank National Trust Company v. Mary McGurk*, (2012) 206 Cal.App.4th 201, at 221 (quoting *Cook v. Stewart McKee & Co.* (1945) 68 Cal.App.2d 758, 761, 157 P.2d 868.) "After such dismissal the defendant is a stranger to the action." *Id*.

To wit: "Th[e] [filing of notice] itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing

12

of the plaintiff alone. He suffers no impairment beyond his fee for filing." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir.1993) (quoting *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963)).

An Order based upon Plaintiff's voluntary dismissal without prejudice, is not a final decision entitling any party the right to appeal under 28 USC § 1291.  "The dismissal of the complaint without prejudice is not a final order on the facts presented by this record and, accordingly, is not appealable." *Borelli v. City of Reading* (3d Cir. 1976) 532 F.2d 950, 951-52. Therefore, if necessary or actionable, Plaintiff is entitled to refile and reopen the action at any time.  As such, Defendant cannot be the prevailing party as since Plaintiff is entitled to refile the current litigation at any time, there cannot be a prevailing party.

In fact, as cited above, "[t]h[e] [filing of notice] itself closes the file" *Pedrina*, 987 F. 2d at 610, and "leaves the parties as though no action had been brought." *Wilson*, 111 F.3d at 692. As Plaintiff has filed the notice of voluntary dismissal without prejudice, the file is closed, cannot be appealed, and it is as if no action has been ever brought. Thus, Defendant is not the prevailing party in this action as Plaintiff retains right to right to re-file at any time, cannot be adjudged so if it tried to argue as much, and is thus not entitled to attorney's fees arising from this action under any circumstances.

## IV.   DEFENDANT IS NOT ENTITLED TO ATTORNEY'S FEES FROM DEFENDING THE PRIOR CENTRAL DISTRICT ACTION

Defendant contends that it is entitled to attorney's fees for defending the Central District action because Plaintiff filed this action as well. F.R.C.P. Rule 41(d) states that "if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court…may order the plaintiff to pay all or part of the costs of that previous action." Under a strict construction and application, Defendant is not entitled to relief under Rule 41(d) because Plaintiff had not yet dismissed the Central District action when she filed the Northern District action. Further, under a liberal construction and application, Defendant is not entitled to relief under Rule 41(d) because the filing of the Northern District action while the Central District was still pending was not malicious or vexatious. On the

13

contrary, Defendant's action in filing this Motion to seek attorney's fees from the Northern District, after the Central District already rebuffed Defendant's functionally equivalent attempt, is a calculated and intentional misuse of the judicial system that should not be rewarded.

### A. RULE 41(D) DOES NOT APPLY TO THE FACTS OF THIS CASE

Clearly, the black letter of Rule 41(d) does not support Defendant's contention, and Defendant admits in its Motion that it must stretch the literal language, such as the clear timing requirements of the Rule, to make its case. *See* Defendants Motion for Attorney's Fees page 12, Lines 12-19.

Specifically, Rule 41(d) clearly states that it applies to Plaintiffs who dismiss a case and then bring a nearly identical suit sometime thereafter. *Id*. In this case, although this second case contained some nearly identical causes of action to the prior Central District case, the Central District had not been dismissed already and was not dismissed for several months after this action was filed.   In addition, the Northern District case contained causes of action for enforcement of the Class Action Settlement Agreement, that were only and could only be brought in the Northern District, as were indicated to Plaintiff by Defendant that such causes of action could only be brought in the Northern District.

 Plaintiffs rely on *Esquivel*, a nearly two-decade old case, to support their liberal construction of when Rule 41(d) is applicable. *Id*. However, not only does *Esquivel* present facts sharply different from those present in this case, but it readily admits that there are very few cases dealing with this issue and continues to cite only one case that permitted such a liberal construction, and yet another that expressly forbid such an application of Rule 41(d). *Esquivel*, 913 F. Supp. at 1387.

This case differs from *Esquivel* factually as well: Not only did the plaintiff in Esquivel file three nearly identical suits, against the same parties, for the same remedies, but she initiated the successive actions "only because she planned soon thereafter to dismiss…which she did only three weeks later." *Id*. However here, Plaintiff only filed two suits and did not dismiss the first suit for over three months, only after the court in the second action accepted jurisdiction over the matter.

CONSUMER LITIGATION LAW CENTER, APC

CONSUMER LITIGATION LAW CENTER, APC

Additionally, the *Esquivel* court decided to stretch Rule 41(d) because the court in the first action was procedurally prevented "from imposing any conditions to dismissal" and therefore Rule 41(d) "represents the only means by which defendants can obtain redress." *Id*. However here, a liberal construction and application of Rule 41(d) would directly undermine the reasoning in *Esquivel* and result in precisely the opposite outcome because Defendant has already had its chance to have the Central District determine if it should be entitled to redress for that suit, and the court ruled against Defendant.

Last, a strict construction and application of Rule 41(d) is supported not only by the language and logic, but the title of the Rule is "Costs of a Previously **Dismissed** Action," and the overarching Rule 41 is titled and deals exclusively with "Dismissals." Thus, this Court should follow the line of cases that logically follow the law by applying Rule 41(d) strictly and denying Defendant's Motion for Attorney's Fees.

**B.** **APPLYING RULE 41(d) IN THIS CASE IS NOT IN LINE WITH THE UNDERLYING PURPOSE BECAUSE PLAINTIFF'S FILINGS WERE NOT MALICIOUS OR VEXATIOUS**

Even if this Court is inclined to agree that the exercise of Rule 41(d) is not mandatory, and it should be construed liberally to be exercised as a deterrent to forum shopping, as well as a mechanism to protect defendants from vexatious litigation, an honest and objective review of both cases together and the natural progression do not support even a liberal application of Rule 41(d) in this case. Citing *Esquivel v. Arau*, 913 F. Supp. 1382 – Dist. Court, (C.D. Cal 1996); *United Transportation Union v. Maine Central Railroad Corp.*, 107 F.R.D. 391, 392 (D. Me. 1985); *Wahl v. City of Wichita*, 701 F. Supp. 1530, 1533 (D. Kan. 1988); *Simeone v. First Bank National Association*, 971 F.2d 103, 108 (8th Cir. 1992); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010); *Hacopian v. United States Dept. of Labor*, 709 F.2d 1295, 1297 (9th Cir. 1983).

As an overarching issue, Defendant plays fast and loose with Rule 41(d) applying it liberally when it suits itself and then strictly when it suits them next. Defendant states that the timing does not control and that Rule 41(d) still applies. *See* Defendant's Motion for Attorney's

Fees page 12, Lines 12-19. Defendant continues to stretch the rule to include attorney's fees into the "costs of that previous action." *Id* at 20-24. However, when it comes to focusing on the true purpose of the Rule for purposes of application and rationale, to deter forum shopping and protect, Defendant instead reverts back to the "identical, or nearly identical" black letter language. Compare *Id.* at 15-20, to *Id.* at 24-28.

Plaintiff does not dispute that some of the causes of action in the two cases are nearly identical. Plaintiff's Complaint did include very similar claims for violations of California Civil Code section 2923.5, Business and Professions Code section 17200 in the Foreclosure Process, and RESPA. However, Plaintiff did not include the Negligence cause of action, and added two completely new causes of action for violations of California Civil Code section 2923.6, and of the Settlement. *Please see* Plaintiff's Complaint; Plaintiff's Second Amended Complaint lodged herewith as RJN Exhibit "F."

Further, Plaintiffs conduct was not vexatious, because there are perfectly good and reasonable explanations that make application of Rule 41(d) in this case inappropriate. A careful reading of the following factual history of both actions and the decision making process that shaped it will "present a persuasive explanation for the course of litigation" that the *Esquivel* court said would preclude an application of Rule 41(d). *Esquivel*, 913 F. Supp., at 1388.

To wit: October 17, 2012, Plaintiff filed a Complaint against Defendants in the Superior Court of California for the County of Los Angeles, the jurisdiction where the relevant real property is located. Defendant removed the case to the Central Federal District.  Thereafter following, and in their Opposition to Plaintiff's Second Amended Complaint, Defendant alleged that Plaintiff could not enforce the Settlement because it did not provide Plaintiff with a private right of action. (RJN, Ex. B, Page 11, Lines 1-3) Due only to Defendant's contention regarding the interpretation and enforcement of the Class Action Settlement, on March 26, 2013, Plaintiff filed the Northern District action to determine if, contrary to Defendant's assertion, Plaintiff did in fact have a private right of action under the Settlement for wrongful foreclosure.  Plaintiff initially filed for a Temporary Restraining Order concurrently with the Complaint, but voluntarily withdrew the motion two days later as per a voluntary agreement reached with

CONSUMER LITIGATION LAW CENTER. APC

WELLS FARGO. Defendant WELLS FARGO has not provided a responsive pleading to Plaintiff's Complaint as Plaintiff agreed to stipulate a response time out until this Court determined whether or not it would excercise jurisdiction over the matter.

On April 3, 2013, this Court Ordered both parties to file short briefs no later than April 10, 2013, addressing whether this Court has jurisdiction, and if exercise of said jurisdiction is proper. (Doc. No. 13)  Both parties timely filed their briefs. Accordingly, on April 24, 2013 Plaintiff and Defendants entered into a stipulation to push out Defendant's response date to coincide with what both parties believed was going to be a judicial determination on jurisdiction. (Doc. No. 19). Plaintiff did not receive any extension, rather Plaintiff agreed "to extend the time for WELLS FARGO to file a response to the complaint until 21 days after the Court's ruling on jurisdiction and venue." *Id.* In fact, Defendant requested the exact same time extension in their Response to this Court's April 3, 2013 Order. (Doc. No. 17.) The delay in this Case was not at behest of, or for the benefit of, Plaintiff.

Further, the Jurisdictional Order dated April 3, 2013, acknowledged the overlap between the Central and Northern cases, as did Defendant's April 10, 2013 Response to the Order. (Doc. No. 13.) In the Order, this Court did not condemn or otherwise reprimand Plaintiff for the duplicate cases, but rather simply stated that "Plaintiff appears to be litigating a separate case against Defendants in the Central District…Accordingly, the Court ORDERS the parties to file briefs addressing whether this Court has jurisdiction over this matter and whether the Northern District of California is the proper venue for this matter." *Id.* at Page 2, Lines 4-7. Further, Defendant's Response to said Order admitted that for Plaintiff's third cause of action for violation of the Settlement it believed jurisdiction and venue were proper in this Court. (Doc. No. 17, Page 1, Lines 20-23.) Defendants further requested this court "sever and dismiss without prejudice all claims other than the third claim for relief." *Id.* at Page 2, Lines 8-9.

With both parties waiting for a jurisdictional ruling to be handed down by this Court, and Defendant's refusal to stay litigation in the Central District accordingly, Plaintiff continued with the litigation in the Central District. It was not until three months later on July 12, 2013, after Plaintiff filed her first true request for a Temporary Restraining Order in this Court, that both

CONSUMER LITIGATION LAW CENTER, APC

parties learned that "there is no, and has never been, a motion pending regarding jurisdiction or venue." (Doc. No. 24.)

From April 10, 2013 through July 12, 2013, Plaintiff was not sure whether dismissing the Central District action, and then having to re-file it if this Court refused jurisdiction, was the correct procedural decision considering this Court had yet to even take the case. Accordingly, Plaintiff repeatedly tried to contact this Court to find out what the status of jurisdiction was, but nobody was able to give Plaintiff a definitive answer. *Id* During this time Plaintiff spent a considerable amount of time trying to find a solution, including drafting Motions for Clarification, or other alternative solutions to the overlap that could be accomplished. Id.

Shortly after Judge Kronstadt heard oral arguments on June 3, 2013, but before this Court had responded to the jurisdictional issue, or the lack thereof, Plaintiff met with Defendant for an unsuccessful Mandatory Settlement Conference. Several days later, but before any ruling, order, or dismissal in this Court was issued, Plaintiff dismissed the Central District action without prejudice. The case was so dismissed on July 1, 2013. This Court denied Plaintiff's request for a Temporary Restraining Order on July 16, 2013, and Plaintiff filed a Notice of Voluntary Dismissal the following day. (Doc. Nos. 25, 26.)

Although Plaintiff may have filed some nearly identical claims against identical parties, a reasonable reading of Rule 41(d) in light of its underlying purpose, as Defendants must also rely on, clearly shows that Plaintiff did not file this action with any malicious intent to harass or for purely dilatory purposes. Rather, Plaintiff followed Defendants from state court to federal court and through misrepresented legal analysis found herself in yet another federal court. All the while, Plaintiff was simply trying to enforce and protect her rights against a Defendant with an army of attorneys and endless resources to both defraud Plaintiff to begin with, lobby regulation to insulate them from any resulting liability, and then find any legal argument to suck the last breaths from unfortunate consumers like herself. Defendant should not be entitled to attorney's fees or costs for either litigation and Defendant's Motion for Attorney's Fees should be dismissed in its entirety.

CASE NO. 5: 13-CV-01344-LHK
OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES

CONSUMER LITIGATION LAW CENTER, APC

C. **DEFENDANT HAS UNCLEAN HANDS**

As mentioned above, upon a closer analysis, Defendant seems to be abusing the same judicial construct it believes should entitle itself to the equitable discretionary powers of Rule 41(d). Namely, in the Central District case, Judge Kronstadt was aware of the multiple suits and still denied Defendant's request to be considered the prevailing party, yet Defendant thought it proper to immediately file this motion the next day in another jurisdiction in the hopes of accomplishing precisely what the Central District already refused to do.

To wit: On July 22, 2013, in an attempt to collect attorney's fees in the Central District, Defendant WELLS FARGO filed a Proposed Order trying to get the dismissal without prejudice changed to read: "Judgment is entered in favor of Defendant...and against plaintiff Nancy C. Caldwell." The PROPOSED JUDGMENT OF DISMISSAL OF ACTION, Doc. No. 57 is lodged herewith as RJN Exhibit "C." Judge Kronstadt, in accordance with settled case law, denied Defendant's request because "This case was dismissed voluntarily pursuant to FRCP 41(a)(1)(A)(i)." The IN CHAMBERS ORDER, Doc. No. 59 in Central District, is lodged herewith as RJN Exhibit "C." Judge Kronstadt, aware of this concurrently pending Northern District action, chose not to grant judgment in favor of Defendant WELLS FARGO, that could either then be used as res judicata in this case, or as the basis for attorney's fees in the Central District action.

Any argument that Defendant WELLS FARGO never intended to seek attorney's fees, but rather simply wanted judgment to use as a sword to expedite this case is undermined by Defendant's own conduct. Specifically, Defendant had a fifteen (15) page Motion for Attorney's Fees and over three-hundred (300) pages of related documents magically ready to be filed in this Court the day after the denial of their Proposed Order in the Central District. Clearly Defendant tried to use sneaky tactics by merely asking for judgment when their obvious goal was to turnaround and immediately attorney's fees, as that is what they effectively did by filing this motion in a separate jurisdiction. Thus, this Court should not undermine the intent of Judge Kronstadt's ruling and deny Defendant's Motion for Attorney's Fees.

## V.   FEES IN BOTH CASES ARE UNREASONABLE

The trial court has broad authority to determine the amount of reasonable attorneys' fees to prevailing party in contract action primarily guided by principles of equity.   *Sunstone Behavioral Health, Inc. v. Alameda County Medical Center*, 646 F. Supp. 2d 1206 (E.D. Cal. 2009).   The fee setting inquiry in California is determined through the hybrid lodestar multiplier approach.  *PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000).

First, the court determines the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.   See *D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990).   The party seeking fees must submit evidence supporting the hours worked and the rates claimed.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983).   The district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Second, the court may adjust the lodestar upward or downward using factors not considered in the initial calculation.   See *Blum v. Stenson*, 465 U.S. 886, 898-901.   These considerations include "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill necessary to perform the legal services properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fees is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorney's, (10) the 'undesirability' of the case, (11) the nature and length of the professional relations with the client, and (12) awards in similar cases."  *LaFarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986).   The fee applicant "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."  *Id.* at 896 n. 11.

CONSUMER LITIGATION LAW CENTER, APC

A. **ATTORNEYS FEES ARE NOT RECOVERABLE IN THIS CASE**

One of the factors listed above is "results obtained." Accordingly, regardless of reasonableness, if Defendants are not entitled to attorney's fees at all, their Motion must be dismissed. The general rule in California is that attorney's fees are not recoverable. However, parties may agree by contract to allocate the payment of attorney's fees... ***to the* prevailing party** in an action alleging both contract and tort claims. *See* Defendants Motion for Attorney's Fees Page 5, Line 27, and Page 6, Lines 11-14(Citing e.g. *Lockton v. O'Rourke*, 184 Cal. App. 4th 1051 (2010)). Every single case cited by Defendant for the contention that their fees sought are reasonable are cases where the court did so on the basis that the defendant was found to be the prevailing party. *See* Defendants Motion for Attorney's Fees Page 14, Lines 13-28, and Page 15, Lines 1-13. However, Defendants are not the prevailing party, cannot enforce the fee provisions, and thus, pursuant to California law, are not entitled to attorney's fees.

   i. **Defendant Admits It Is Not the Prevailing Party**

Defendant's Motion does not seek fees for defending the contract claims because Plaintiff voluntarily dismissed this action. Thus, they are admittedly not the prevailing party for purposes of section 1717. See *Cal. Civ. Code*. section 1717(b)(2).

   ii. **Defendant Is Not the Prevailing Party Because A Dismissal Without Prejudice Is Not In Favor of Any Party**

Defendant cannot collect fees on the contract for defending the tort causes of action because Defendant is not the "prevailing party" for purposes of section 1032 as they are not a "defendant in whose favor a dismissal" was entered. See Code Civ. Proc. Section 1032(b)(4). Whether voluntary or involuntary, the words themselves, "dismissal without prejudice," sums up the effect of such a dismissal – it is a disposition of the matter without prejudice, and thus not in favor of any party. That is why, in the Central District case, Judge Kronstadt refused to enter the voluntary dismissal without prejudice in favor of Defendant, explicitly denying them prevailing party status. *See* RJN Exhibit "C." Doc. No. 59.

CONSUMER LITIGATION LAW CENTER. APC

1    As a threshold matter, if Defendant is not the prevailing party, it is not entitled to
2    attorney's fees under any contract or law. Accordingly, Defendant is forced to mislead this Court
3    by intentionally citing, redacting, and misquoting inapplicable case law for the erroneous
4    contention that "Defendant is entitled to costs regardless of whether the dismissal is with or
5    without prejudice." *See* Defendants Motion for Attorney's Fees Page 9, Lines 4-6(Citing *Cano*,
6    143 Cal. App. 4th at 331; *Catello*, 152 Cal. App. 3d at 1012).

7    The only sentence dedicated to the fatal distinction between a dismissal with or without
8    prejudice in Defendants entire Motion relies on *Cano v. Glover*, and *Catello v. I.T.T. General*
9    *Controls*. *Id*.  However, Cano did not present or rely on this language because the judge simply
10   reaffirmed the order of dismissal with prejudice against plaintiff. In fact, the Cano court did not
11   even formulate that language, it quoted directly from *Catello*. *Id*. However, even *Catello*, where
12   an intervening plaintiff who voluntarily dismissed without prejudice fought the award of
13   attorney's fees granted when judgment was later entered against the remaining plaintiffs, does
14   not stand for Defendants contention because the quote really should read: "A Defendant is
15   entitled to costs regardless of whether the dismissal is with or without prejudice, ***only when the***
16   ***case proceeds without him and judgment is later entered against the remaining plaintiffs***." See
17   generally *Id*. *Catello* only stands for the premise that an intervening plaintiff stands with same
18   footing as the other plaintiffs and cannot escape attorney's fees if he dismisses before judgment
19   is entered. *Id*.
20   Defendant cites no other supporting case law, and not a single case cited in Defendants Motion
21   involves facts similar to this case where the plaintiff voluntarily dismissed the entire actin
22   without prejudice. Thus, Defendants are absolutely not entitled to collect attorney's fees under
23   any theory, contract or law, for defending this action.

24   B.  **FEES ARE NOT RECOVERABLE FROM THE CENTRAL DISTRICT**
25       **ACTION**

26   As explained in great detail above, not only has the Central District court already denied
27   Defendants attempt to be deemed the prevailing party in order to seek fees, Rule 41(d) does not
28   trump that ruling because these facts are not of the type that give rise to or legitimize application

*CONSUMER LITIGATION LAW CENTER, APC*

**CASE NO. 5: 13-CV-01344-LHK**
**OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES**

of the extraordinary remedy. Thus, Defendants are not entitled to collect attorney's fees from either case and their Motion for Attorney's Fees should be dismissed in its entirety.

C. **NOT ONLY ARE THE FEES UNRECOVERABLE, THEY ARE ALSO UNREASONABLE**

In trying to convince this Court that its fees sought are reasonable, Defendant focuses mostly on the Central District action. Additionally, the breakdown of fees, although deceptively separated into two exhibits, does not actually clearly explain which charges were incurred by, and correspond to, which action. *See* Exhibits "A" and "B" to Defendants Declaration of Mark T. Flewelling In Support of Defendants Motion for an Award of Attorney's Fees. Although Plaintiff does not concede that the rates charged are reasonable or proper considering the industry standards, necessary skills/experience/reputation of Defendant's counsel, it will focus on the novelty and difficulty of the questions involved in terms of necessity, rationales, and reasons for incurring the costs in the first place.

Defendant contends that this action is "identical" in nearly every respect to the Central District action. *See* Defendants Motion for Attorney's Fees Page 11, Lines 24-28. Defendant is trying to recover, what it predicts will be, "$2,240, for the work on this motion." *Id* at Page 14, Line 11. However, it was Defendant who voluntarily chose to bring this Motion after knowing that they were not entitled to any such fees because, pursuant to the ruling in the "identical" Central District case, they are not the prevailing party in either action. Defendant's request to be deemed the prevailing party in the Central District case, if granted, would have immediately been followed with this Motion being filed in that case. How else can you explain this 24 page Motion and over 200 pages of documents for Judicial Notice being drafted and ready to file the following day? Once Defendants lost that war, they instead tried to skip the "request for prevailing party" step in this Court, and instead filed this Motion *knowing* they were not entitled to fees. As such, Plaintiff argues that it should be awarded at least $2,240 as costs and fees for opposing Defendants frivolous Motion.

Further, Defendant claims that many hours were spent "closely analyzing the Northern District case," researching "Jurisdiction," and preparing Oppositions to Plaintiffs TRO's and a

Motion to Dismiss Plaintiffs Complaint. *See* Exhibits A and B to Defendants Declaration of Mark T. Flewelling In Support of Defendants Motion for an Award of Attorney's Fees. However, as discussed above, Defendant claims that this action is "identical" to the Central District action, and so all the analysis, research and drafting should not have needed such laborious scrutiny, and the shells of all the moving and responding documents, other than the two-page Brief in response to this Court's Order regarding Jurisdiction, were already drafted in the Central District Action. Thus, across the board, the hours allegedly spent and the correlating fees are disingenuously inflated and should be denied, or at the very least severely reduced.

Defendant includes a $2,048 fee for drafting the Motion to Dismiss Plaintiffs Complaint in this case. See Exhibit "A" to Defendants Declaration of Mark T. Flewelling In Support of Defendants Motion for an Award of Attorney's Fees at Page 12, last fee entry. However, Defendant never filed, nor had need to draft any Motion to Dismiss. That is because Plaintiff had already agreed to stipulate to pushing out Defendant's response date so that Defendants did not have to incur any such costs or fees before both parties learned if this Court would even accept jurisdiction. Further, although this Court did issue an Order dated July 12, 2013, stating that it had not ruled on jurisdiction, and would not until such a motion was filed, the Order did not demand that Defendants answer Plaintiff's Complaint and did not invalidate the stipulation pushing out the need for any such response. *See* Order Regarding the Parties' Stipulation to Extend Defendant's Time to Answer. In fact, Plaintiff began to draft the motions required by this Court regarding jurisdiction and venue. However, once this Court held that Plaintiff was not entitled to a loan modification review under the Settlement because she had already defaulted on previously, she immediately dismissed this action the next day. *See* Order Denying Plaintiffs Ex Parte Application for Temporary Restraining Order, Page 12, Lines 2-21. Thus, this cost should also not be included in any award, if any.

Additionally, any costs or fees associated with researching, discussing or drafting that relate to jurisdiction are the result of Defendant misrepresenting or misunderstanding the Settlement's grant of a private right of action to class members. *See* Exhibit "D", at Page 11, Lines 1-3. In fact, Plaintiff requested Defendant to furnish it with the list of class members so it

CONSUMER LITIGATION LAW CENTER, APC

would know whether or not to pursue the "interpretation" and "enforcement" of the Settlement under the jurisdiction retained by this Court in the Settlement. Thus, Plaintiff would never have even filed this action, let alone bring up the issue of jurisdiction, without Defendant's moving papers. Thus, these costs should be denied, or at least severely reduced.

Last, Judge Kronstadt has already determined that Defendant <u>was not the prevailing party</u> in the Central District case. As such, awarding any fees or costs associated with that case is per se unreasonable. If Defendant wants attorney's fees and costs for that case, then it should seek them in the court and from the judge that was actually involved in that case, Judge Kronstadt. However, as discussed above, Defendant has not done that because Judge Kronstadt has closed that door. Defendantis improperly trying to find a back door to circumvent Judge Kronstadt's clear ruling, and it should not be permitted.

Thus, Defendant's Motion for Attorney's Fees should be denied in its entirety because Defendant has not met its burden of proving that the fees and costs are reasonable, and moreover they are unrecoverable pursuant to law.

## VI.    <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendant's motion for attorneys' fees. The Central District has already made it clear that it would not order judgment, nor prevailing party status, in favor of Defendant WELLS FARGO because Plaintiff NANCY C. CALDWELL voluntarily dismissed her case without prejudice. Similarly here, judgment does not lie in favor of Defendant WELLS FARGO because Plaintiff NANCY C. CALDWELL voluntarily dismissed her case, at a far earlier stage in litigation, without prejudice. Thus, because neither party prevailed in this action, and there is nothing to appeal, Defendant is not entitled to attorney's fees. Further, aside from the fact Rule 41(d) should not supersede the Honorable Judge Kronstadts decision in the Central District action, the facts of this case, and relevant case law, do not support this Court utilizing its discretion to impose such an extraordinary remedy, and this Motion should be denied in its entirety. In the alternative,

CASE NO. 5: 13-CV-01344-LHK
OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES

1  Plaintiffs request that the attorneys' fees requested be reduced to a reasonable amount in light of

2  the detailed analysis above.

3

4

5  Dated:  August 14, 2014          CONSUMER LITIGATION LAW CENTER, APC

6

7

8                                      BY  /s/ September J. Katje                        .
                                           September Katje
9                                          Sholi Goodman
                                           Attorney for Plaintiff,
10                                          NANCY C. CALDWELL

**CASE NO. 5: 13-CV-01344-LHK**
**OPPOSITION TO MOTION TO FOR ATTORNEYS' FEES**