1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NANCY CALDWELL, an individual,<br><br>            Plaintiff,<br><br>      v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>            Defendants. | Case No.: 13-CV-01344-LHK<br><br>ORDER DENYING MOTION FOR<br>AWARD OF ATTORNEYS' FEES |

Defendant Wells Fargo Bank, N.A. ("Defendant") brings this Motion for an Award of $39,400.40 in attorneys' fees against Plaintiff Nancy Caldwell ("Plaintiff"). Having considered the parties' arguments, the relevant law, and the record in this case, the Court hereby DENIES Defendant's Motion for Award of Attorneys' Fees.

I.      **BACKGROUND**

On September 19, 2007, Plaintiff borrowed $750,000 from World Savings Bank, FSB and secured the loan with a deed trust. ECF No. 1 ("Compl."), Ex. C. The loan was memorialized by an Adjustable Rate Mortgage Note ("Note") and secured by a Deed of Trust against real property located at 203 Calle Manzanita in Santa Barbara, California ("the Property"). *Id*. Plaintiff, who began having difficulty paying for her loan, applied for and received a loan modification in February 2009 from the successor in interest to her loan, Wachovia Mortgage FSB, which merged

1

1   with Wells Fargo Bank Southwest, N.A. to become Wells Fargo Bank N.A.  Declaration of Nancy

2   C. Caldwell, ECF No. 21-2 ("Caldwell Decl."), ¶ 9; Compl. ¶ 4.  Plaintiff made eleven monthly

3   payments after her loan modification was approved, but then could no longer make payments.

4   Caldwell Decl. ¶ 9.  Plaintiff has not made a payment in three years, and the debt from the loan is

5   now over $869,000.  Compl., Ex. D.

### A.       The Central District of California Case

6

7          Plaintiff filed a wrongful foreclosure action in the Santa Barbara Superior Court on October

8   17, 2012.  *See Caldwell v. Wells Fargo Bank, N.A.*, 2:12-CV-09373-JAK-FFM ("Central District

9   case"), ECF No. 1 (Notice of Removal).[1]  On October 31, 2012, Defendant removed this action to

10  the U.S. District Court for the Central District of California.  *Id.*  Plaintiff's Complaint alleged

11  eleven causes of action challenging the pending foreclosure proceeding and contesting Defendant's

12  failure to grant her a second loan modification.  *See* Notice of Removal, Ex. A.

13          On November 9, 2012, Defendant moved to dismiss the Complaint.  ECF No. 12.  On

14  November 30, 2012, Plaintiff filed her First Amended Complaint ("FAC").  ECF No. 17.

15  Plaintiff's FAC included only six causes of action: (1) Violation of California Bus. & Prof. Code §

16  17200; (2) Unfair and Deceptive Business Practices in Foreclosure Process; (3) Set Aside Pending

17  Trustee Sale Based on Wrongful Foreclosure Proceedings (Cal. Civ. Code § 2923.5); (4) Violation

18  of RESPA; (5) Negligence; and (6) Quiet Title.  *Id.*  On December 17, 2012, Defendant filed a

19  Motion to Dismiss the FAC.  ECF No. 19.  On February 12, 2013, Judge Kronstadt dismissed

20  Plaintiff's FAC.  ECF No. 35.

21          On March 5, 2013, Plaintiff filed her Second Amended Complaint ("SAC").  ECF No. 36.

22  On March 25, 2013, Defendant moved to dismiss the SAC.  ECF No. 37.  On June 3, 2013, Judge

23  Kronstadt held a hearing on the Motion to Dismiss, stated his tentative views, and took the Motion

24  under submission.  ECF No. 45.  On June 28, 2013, Plaintiff voluntarily dismissed the case without

25  prejudice before Judge Kronstadt ruled on Defendant's Motion to Dismiss.  ECF No. 52.

26

27  _____

[1]  All ECF references in this section are to *Caldwell v. Wells Fargo Bank, N.A.*, 2:12-CV-09373-

28  JAK-FFM, in the Central District of California.  All ECF references in other sections of this Order
    are to the instant case in the Northern District of California, unless specified otherwise.

Case No.: 13-CV-01344-LHK
ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES

*(left margin, rotated)* United States District Court  For the Northern District of California

1    On July 22, 2013, Defendant submitted a proposed order entering judgment in favor of

2 Defendant and against Plaintiff.  ECF No. 57.  On July 25, 2013, Plaintiff objected to the proposed

3 order.  ECF No. 58.  After reviewing Defendant's proposed order and Plaintiff's objection, on July

4 30, 2013, Judge Kronstadt concluded that a judgment is not required because the case was

5 dismissed voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  ECF No. 59.

6        **B.    The Instant Case**

7        On March 26, 2013, Plaintiff filed her Complaint in this District, alleging five causes of

8 action: (1) Stay Pending Trustee Sale Based on Wrongful Foreclosure Proceedings (Cal. Civ. Code

9 § 2923.6); (2) Stay Pending Trustee Sale Based on Wrongful Foreclosure Proceedings (Cal. Civ.

10 Code § 2923.5); (3) Stay Pending Trustee Sale Based on Wrongful Foreclosure Proceedings

11 (Breach of "Pick-A-Pay" Class Action Settlement); (4) Unfair and Deceptive Business Practices in

12 Foreclosure Process; and (5) Violation of RESPA.  *See* ECF No. 1 ("Compl.").  On March 26,

13 2013, Plaintiff also filed with this Court an ex parte application for TRO to enjoin a trustee's sale

14 scheduled for March 28, 2013.  ECF Nos. 3-5.  On March 28, 2013, Plaintiff withdrew the TRO

15 motion.  ECF No. 12.

16        On July 10, 2013, Plaintiff filed an ex parte application for TRO to enjoin a trustee's sale

17 scheduled for July 12, 2013.  ECF No. 21.  On July 10, 2013, Defendant filed a preliminary

18 opposition.  ECF No. 22.  On July 16, 2013, the Court denied Plaintiff's ex parte application for

19 TRO.  ECF No. 25.  The following day, on July 17, 2013, Plaintiff voluntarily dismissed the case

20 without prejudice.  ECF No. 26.

21        On July 31, 2013, Defendant filed a Motion for an Award of Attorneys' Fees and

22 supporting Request for Judicial Notice.  ECF Nos. 27 ("Mot.") and 28 ("Mot. RJN").[2]  On August

23

24 [2]  Plaintiff and Defendant request that the Court take judicial notice of a variety of public
documents relating to Plaintiff's loan, documents reflecting official acts of the executive
25 department of the State of California, and court filings in other courts.  ECF Nos. 28, 30-32, and
34.  None of these requests is opposed.  A court may judicially notice a fact if it is either "generally
26 known within the trial court's jurisdiction" or "accurately and readily determined from sources
whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The Court finds that the
27 documents for which Plaintiff and Defendant request judicial notice are not subject to reasonable
dispute and are proper subjects of judicial notice.  *See Distor v. U.S. Bank NA*, No. C 09-02086 SI,
28 2009 WL 3429700, *2 (N.D. Cal. Oct. 22, 2009) (holding that a deed of trust, notice of default, and

Case No.: 13-CV-01344-LHK
ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES

United States District Court
For the Northern District of California

1    14, 2013, Plaintiff filed an opposition and supporting Request for Judicial Notice.  ECF Nos. 29

2    ("Opp'n") and 30-32 ("Opp'n RJN").  On August 21, 2013, Defendant filed a reply and supporting

3    Request for Judicial Notice.  ECF Nos. 33 ("Reply") and 34 ("Reply RJN").  On September 9,

4    2013, Plaintiff moved for leave to file a surreply.  ECF No. 35.[3]

5    **II.      DISCUSSION**

6          **A.      Attorneys' Fees in the Instant Case**

7          Defendant argues that it is entitled to attorneys' fees in the instant case because: (1) the note

8    and deed of trust signed by Plaintiff contain fee clauses that authorize attorneys' fees, Mot. at 9-10;

9    (2) Defendant is the prevailing party, *see* Mot. at 8-9; and (3) such fees are reasonable, Mot. at 13-

10   16.  On the other hand, Plaintiff argues that Defendant is not entitled to attorneys' fees in the

11   instant case because Defendant is not and cannot be the prevailing party after Plaintiff voluntarily

12   dismissed the instant case without prejudice.  *See* Opp'n at 8-13, 21-22.  For the reasons set forth

13   below, the Court agrees with Plaintiff.

14         As a preliminary matter, the Court sets forth the relevant law on fee shifting agreements.

15   Federal courts apply state law in interpreting and enforcing fee shifting agreements.  *Ford v.*

16   *Baroff*, 105 F.3d 439, 442 (9th Cir. 1997).  California law provides two separate frameworks

17   governing fee shifting agreements.  *See Baldain v. Am. Home Mortg. Servicing, Inc.*, NO. CIV. S-

18   09-0931 LKK/GGH, 2010 U.S. Dist. LEXIS 82876, at *5 (E.D. Cal. June 28, 2010).  The

19   California Code of Civil Procedure provides the more general framework.  *Id.*  California Code of

20   Civil Procedure § 1021 provides that, except where otherwise specified by statute, parties are free

21   to enter their own agreements regarding payment of fees.  Similarly, a prevailing party may

22   ordinarily recover costs, §§ 1021 and 1032(b), and parties may contractually designate fees as

23   _____

24   notice of trustee's sale were matters of public record and thus proper subjects of judicial notice);
     *Hite v. Wachovia Mortgage*, 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-8

25   (E.D. Cal. June 11, 2010) (holding that copies of official acts or records of a government agency
     are proper subjects of judicial notice); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking

26   judicial notice of court documents already in the public record and documents filed in other courts).
     Accordingly, the Court GRANTS Plaintiff's and Defendant's Requests for Judicial Notice.

27   [3]  The Court DENIES Plaintiff's Motion for Leave to File a Surreply.  The Court finds additional
     argument after Defendant's reply to be unnecessary as Defendant did not raise new arguments that

28   required a response in its reply brief.

Case No.: 13-CV-01344-LHK
ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES

*United States District Court*
*For the Northern District of California*

1  recoverable costs, § 1033.5(a)(10).  The effect of these provisions is that "[p]arties may validly

2  agree that the prevailing party will be awarded attorney fees incurred in any litigation between

3  themselves, whether such litigation sounds in tort or in contract."  *Santisas v. Goodin*, 17 Cal. 4th

4  599, 608 (1998) (quoting *Xuereb v. Marcus & Millichap, Inc.*, 3 Cal. App. 4th 1338, 1341 (1992)).

5        For fee shifting in connection with actions "on a contract," California Civil Code § 1717

6  preempts the general framework provided by the Code of Civil Procedure.  *Santisas*, 17 Cal. 4th at

7  617 (citing § 1717(a)).  Section 1717 differs by placing two limits on covered fee shifting

8  agreements.  First, Section 1717 renders all fee shifting agreements to which it applies bilateral,

9  even when the agreement's language provides for only unilateral fee shifting.  *Santisas*, 17 Cal. 4th

10  at 611 (citing § 1717(a)).  Second, Section 1717 expressly provides that in cases of voluntary

11  dismissal, there is no "prevailing party."  *Id*. at 617, 622-23 (quoting § 1717(b)(2)).

12        In order to recover attorneys' fees under Section 1717, the party must show: (1) the

13  agreement specifically provides for the award of attorneys' fees, (2) the party is the prevailing

14  party, and (3) that the attorneys' fees request is reasonable.  *Int'l Fid. Ins. Co. v. Draeger Constr.,*

15  *Inc.*, No. 10-CV-04398-LHK, 2012 U.S. Dist. LEXIS 16292, at *9 (N.D. Cal. Feb. 8, 2012) (citing

16  *First Nat. Ins. Co. of Am. v. MBA Const.*, No. 04-CV-836, 2005 U.S. Dist. LEXIS 38808, at *6

17  (E.D. Cal. Dec. 12, 2005)).  Under either the Section 1717 or the Code of Civil Procedure

18  framework, only a prevailing party may recover fees.  *See Baldain*, 2010 U.S. Dist. LEXIS 82876,

19  at *7-8.

20              **1.     Contractual Fee Provisions**

21        Defendant argues that it is entitled to recover attorneys' fees in the instant case as expressly

22  provided by two fee provisions in the promissory note and the deed of trust to justify its request for

23  fees.  Mot. at 9-10.  Specifically, the promissory note signed by Plaintiff provides at paragraph

24  7(E):

25        Payment of Lender's Costs and Expenses
      The lender will have the right to be paid back by me for all of its
26      costs and expenses ***in enforcing this Note*** to the extent not
      prohibited by applicable law.  Those expenses may include, for
27      example, ***reasonable attorneys' fees and court costs***.

28

Mot. RJN, Ex. A at 4 (emphases added).  Additionally, the deed of trust signed by Plaintiff

contains an attorneys' fee provision at *Covenants*, paragraph 7:

> Lender's Right to Protect its Rights in the Property:
>
> If: (A) I do not keep my promises and agreements made in this
> Security Instrument, or (B) someone, including me, begins a ***legal
> proceeding that may significantly affect Lender's rights in the
> Property*** (including but not limited to any manner of legal
> proceeding in bankruptcy, in probate, for condemnation or to enforce
> laws or regulations), then Lender may do and pay for whatever it
> deems reasonable or appropriate to protect the Lender's rights in the
> Property.  ***Lender's actions may include, without limitations,
> appearing in court, paying reasonable attorneys' fees,*** . . .
>
> I will pay to Lender any amounts which Lender advances under this
> Paragraph 7 with interest, at the interest rate in effect under the
> Secured Notes . . .

Mot. RJN, Ex. B at 7 (emphases added).

Under their plain meaning, these fee provisions apply to the fees incurred by Defendant in

defending its rights in the note and in the property against Plaintiff's lawsuit.  Plaintiff's Complaint

challenged Defendant's ability to enforce the deed of trust (Compl., prayer for relief at ¶ 1), sought

rescission of the Loan and restitution of the payments made (Compl., prayer for relief at ¶ 5), and

sought to prohibit Defendant from exercising its power of sale (Compl. at ¶ 58).  Defendant's

defense of this case was therefore undertaken to enforce the note pursuant to paragraph 7(E) of the

promissory note and to protect its "rights in the Property" pursuant to paragraph 7 of the deed of

trust.  Moreover, Plaintiff does not appear to dispute that such provisions authorize an award of

attorneys' fees.  Accordingly, the contractual provisions authorize an award of attorneys' fees to

Defendant in the instant case.

### 2.     Prevailing Party

Defendant contends that Defendant is entitled to attorneys' fees because Defendant is the

prevailing party in the instant case.  *See* Mot. at 7-9.  However, Plaintiff contends that Defendant is

not and cannot be the prevailing party because Plaintiff voluntarily dismissed the instant case

without prejudice.  *See* Opp'n at 8-13, 21-22.  For the reasons set forth below, Defendant is not the

prevailing party in the instant case and is thus not entitled to attorneys' fees.

6

1    California Civil Code Section 1717 provides that, "[w]here an action has been voluntarily

2 dismissed . . . there shall be no prevailing party for purposes of this section." Cal. Civ. Code §

3 1717(b)(2).  Because Plaintiff voluntarily dismissed her action, there is no prevailing party and thus

4 Defendant is not the prevailing party entitled to attorneys' fees under this section.

5    Defendant points out, however, that Section 1717 only applies to claims that are

6 based on the contract.  *See* Mot. at 7-8.  In support, Defendant cites to *Santisas v. Goodin*,

7 17 Cal. 4th 599 (1998), and *Khavarian Enterprises, Inc. v. Commine, Inc.*, 216 Cal. App.

8 4th 310 (2013).  In *Santisas*, the court stated:

9        [Section 1717(b)(2)] applies only to causes of action that are based
10       on the contract and are therefore within the scope of section 1717.
         If the voluntarily dismissed action also asserts causes of action that
11       do not sound in contract, those causes of action are not covered by
         section 1717, and the attorney fee provision, depending upon its
12       wording, may afford the defendant a contractual right, not affected
         by section 1717, to recover attorney fees incurred in litigating
13       those causes of action. Similarly, if a plaintiff voluntarily dismisses
         an action asserting only tort claims (which are beyond the scope of
14       section 1717), and the defendant, relying on the terms of a
         contractual attorney fee provision, seeks recovery of all attorney
15       fees incurred in defending the action, the plaintiff could not
16       successfully invoke section 1717 as a bar to such recovery.

17 17 Cal. 4th 599, 617 (1998).  Moreover, in *Khavarian*, the court stated:

18       The provision in section 1717 barring recovery of attorney fees
         postdismissal does not extend beyond causes of action sounding in
19       contract and based on a contract containing an attorney fee
         provision[] because the Legislature has not enacted similar
20       legislation articulating public policy as permitting or precluding
         attorney fee awards as costs for any other claims[.]
21

22 216 Cal. App. 4th 310, 325 (2013).

23    According to Defendant, Plaintiff's action "involved non-contract claims" and based on

24 *Santisas* and *Khavarian*, Plaintiff's voluntary dismissal "does not defeat [Defendant's] right to

25 attorney's fees."  Mot. at 8.  However, Defendant fails to sufficiently establish that Plaintiff's

26 action "involved non-contract claims" such that Section 1717 does not apply.  Defendant merely

27 makes a conclusory statement that "this action filed by [Plaintiff] involved non-contract claims"

28 without further support.  *See* Mot. at 8.

*United States District Court*
*For the Northern District of California*

7

United States District Court
For the Northern District of California

1   California Civil Code Section 1717 applies only in an action "on a contract."  California

2   courts construe the term "on a contract" liberally to mean any action involving a contract for the

3   purposes of Section 1717.  *Turner v. Schultz*, 175 Cal. App. 4th 974, 979-80 (2009).  In this case,

4   Plaintiff's Complaint alleges five causes of action: (1) Stay Pending Trustee Sale Based on

5   Wrongful Foreclosure Proceedings (Cal. Civ. Code § 2923.6); (2) Stay Pending Trustee Sale

6   Based on Wrongful Foreclosure Proceedings (Cal. Civ. Code § 2923.5); (3) Stay Pending Trustee

7   Sale Based on Wrongful Foreclosure Proceedings (Breach of "Pick-A-Pay" Class Action

8   Settlement); (4) Unfair and Deceptive Business Practices in Foreclosure Process; and (5) Violation

9   of RESPA.  Courts have held that such causes of action are "on a contract" for purposes of Section

10  1717.  *See, e.g.*, *Gilbert v. World Sav. Bank, FSB*, No. C 10-05162 WHA, 2011 U.S. Dist. LEXIS

11  34079, at *6-7 (N.D. Cal. March 21, 2011) (finding that "Plaintiff's claims for misrepresentation

12  and fraud, rescission and restitution of voidable cognovit note, injunction against wrongful

13  foreclosure, quiet title, unfair business practices, and violation of 18 U.S.C. § 1962 are all 'on a

14  contract.'"); *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, No. C-10-4081-EDL, 2011 U.S. Dist.

15  LEXIS 15318, at *7-9 (N.D. Cal. Jan. 3, 2011) (concluding that wrongful foreclosure, violation of

16  California Civil Code § 2923.5 and 2924, fraudulent misrepresentation, fraudulent concealment,

17  conspiracy to defraud, unconscionability, quiet title, violation of California Business & Professions

18  Code § 17200, conversion, and declaratory and injunctive relief are all "on the contract"); *Bonner

19  v. Redwood Mortg. Corp.*, No. C 10-00479 WHA, 2010 U.S. Dist. LEXIS 69625, at *10 (N.D. Cal.

20  June 18, 2010) (determining that RESPA claim is "on a contract" for purposes of Section 1717).

21  Moreover, Defendant expressly admits that Plaintiff's claims "fall within the scope of the

22  promissory note's fee clause as well as the fee clause in the deed of trust."  Mot. at 10.  As such,

23  Plaintiff's claims are "on a contract." [4]

---

24  [4]  Defendant nevertheless appears to contend that (1) Code of Civil Procedure Section 1032 applies
     in the instant case because Plaintiff's claims are "non-contract claims," and (2) Defendant is the
25  prevailing party under Section 1032 even though Plaintiff dismissed the case.  *See* Mot. at 8-9.
     However, Defendant does not explain how Section 1032 applies in the instant case.  Particularly,
26  Defendant does not show how Plaintiff's claims "involved non-contract claims" and how
     Defendant is the prevailing party under Section 1032.  Further, the three cases Defendant cites did
27  not award attorneys' fees pursuant to Section 1032.  Moreover, these cases are distinguishable
     because the defendants in these cases were deemed the prevailing party (1) after the trial court
28

8

1  Because all of Plaintiff's claims in this action are "on a contract," despite Defendant's

2  assertion otherwise, Section 1717 applies.  As such, Defendant cannot be deemed the prevailing

3  party because Section 1717 expressly provides that there is no prevailing party where the plaintiff

4  voluntarily dismisses the action—as Plaintiff did here.  Defendant is therefore not entitled to

5  attorneys' fees in the instant case pursuant to Section 1717.[5]

6      **B.    Attorneys' Fees in the Central District Case**

7  Defendant contends that it is entitled to attorneys' fees in the Central District case pursuant

8  to Federal Rule of Civil Procedure 41(d), Mot. at 11-13, and that such fees are also reasonable,

9  Mot. at 13-16.  Specifically, Defendant contends that, because Plaintiff's claims against Defendant

10  in the Central District case and the instant case are "identical, or nearly identical," the Court may

11  order Plaintiff to pay all or part of the costs of the Central District case.  *See* Mot. at 11-13.

12  According to Defendant, "costs" include attorneys' fees.  *See id*.  For the reasons set forth below,

13  the Court disagrees.

14  Federal Rule of Civil Procedure 41(d) provides: "If a plaintiff who previously dismissed an

15  action in any court files an action based on or including the same claim against the same defendant,

16  the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2)

17  may stay the proceedings until the plaintiff has complied."  Fed. R. Civ. P. 41(d).  The language of

18  Rule 41(d) clearly indicates that it conveys "broad discretion" on federal courts to order stays and

19

20  ───────────────────────────────

sustained the defendant's demurrers to each of the plaintiff's three amended complaints and the

21  plaintiff did not name the defendant in the fourth amended complaint, *see Cano v. Glover*, 143 Cal.
App. 4th 326, 329-332 (2006), (2) after the jury found in favor of the defendant, *see Catello v.*

22  *I.T.T. General Controls*, 152 Cal. App. 3d 1009, 1012-15 (1984), and (3) after the trial court
entered judgment for defendant, *see Foothill Props. v. Lyon/Copley Corona Assoc.*, 46 Cal. App.

23  4th 1542, 1546-55 (1996).  Accordingly, the Court is not persuaded that Section 1032 applies in the
instant case and that Defendant is the prevailing party in the instant case under Section 1032.

24  Thus, Defendant is not entitled to attorneys' fees under Section 1032.

25
[5]  Defendant contends that its attorneys' fees in defending both actions are reasonable.  Mot. at 11-

26  14.  Defendant submits declarations in support of the reasonableness of the fees.  ECF Nos. 27-1
and 27-2.  However, Defendant is not the prevailing party in the instant case, and thus not entitled

27  to attorneys' fees in the instant case.  Further, as set forth below, Defendant is not entitled to
attorneys' fees in the Central District case under Federal Rule of Civil Procedure 41(d).

28  Accordingly, the Court need not address the reasonableness of the fees in both actions.

Case No.: 13-CV-01344-LHK
ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES

United States District Court
For the Northern District of California

1    payment of costs, and that neither is mandatory. *Esquivel v. Arau*, 913 F. Supp. 1382, 1386 (C.D.

2    Cal. 1996).

3        As an initial matter, the Ninth Circuit has not specifically addressed the issue of whether

4    attorneys' fees are included as part of an award of costs under Federal Rule of Civil Procedure

5    41(d).  Defendant cites to several out-of-district cases to support its argument that attorneys' fees

6    are included, but such cases are not binding precedent.  *See* Mot. at 12-13.  One court within this

7    district, however, held that, under the plain language of Rule 41(d), costs do not include attorneys'

8    fees.  *Banga v. First United States, N.A.*, No. C 10-00975-SBA (LB), 2010 U.S. Dist. LEXIS

9    142075, at *14 (N.D. Cal. December 8, 2010).  The *Banga* court reasoned:

> A court looks to the plain and ordinary meaning of the words in Rule
> 41(d), which refers only to "costs" and not to "fees."  Elsewhere, the
> rules refer sometimes to costs, and sometimes to fees. *See, e.g.*, Fed.
> R. Civ. P. 4(d)(2)(B) (expenses including attorney's fees), 11(c)(2)
> (same), 37(f) (same); Fed. R. Civ. P. 55(b)(1), 65(c), 68(b) ("costs").
> Four separate rules refer to both "attorney's fees" and "costs."  *See*
> Fed. R. Civ. P. 16(f), 23(g)(1)(B) and (h), 54(d), 58(e).  For
> example, Rule 54(d) separates out "costs" and "attorney's fees."
> These references show that when Congress wanted to grant
> attorney's fees, it did so explicitly. It did not in Rule 41(d), and
> under the plain language of the rule, [the defendant in the previous
> action] should receive only costs and not attorney's fees.

*Id.* at *14-15 (internal citations omitted).  The Court finds the *Banga* court's reasoning persuasive.

Accordingly, under the plain language of Rule 41(d), costs do not include attorneys' fees.  Thus,

Defendant is not entitled to attorneys' fees in the Central District case pursuant to Rule 41(d).

**IV.**    **CONCLUSION**

       For the reasons set forth above, Defendant's Motion for Award of Attorneys' Fees is

DENIED.

**IT IS SO ORDERED.**

Dated:  February 26, 2014

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge